# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. L. DeAZEVEDO, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00101-AWI-SKO PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS PURSUANT TO PLAINTIFF'S NOTICE, AND DIRECTING MAGISTRATE JUDGE TO ISSUE SERVICE DOCUMENTS<br><br>(Docs. 9-12) |

　　　　Plaintiff Timothy Howard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2011. On August 17, 2011, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

　　　　On February 21, 2012, the Magistrate Judge issued a screening order and found that Plaintiff's amended complaint states a cognizable retaliation claim against Defendants DeAzevedo, Paz, and Stephens arising out of the search of Plaintiff's cell, a cognizable retaliation claim against Defendant DeAzevedo arising out of the issuance of the false RVR, and a cognizable due process claim against Defendants James arising out of the adjudication of the false RVR. 28 U.S.C. § 1915A. The Magistrate Judge found that Plaintiff's other claims are not cognizable, however, and Plaintiff was directed to either file a second amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). On March 1, 2012, Plaintiff filed a notice declining to amend and agreeing to proceed only on his cognizable claims.

///

Accordingly, based on Plaintiff's election to proceed without amending and for the reasons set forth by the Magistrate Judge in the screening order, it is HEREBY ORDERED that:

1. This action for damages shall proceed on Plaintiff's amended complaint, filed on August 17, 2011, on (1) Plaintiff's First Amendment retaliation claims against Defendants DeAzevedo, Paz, and Stephens arising out of the search of Plaintiff's cell and against Defendant DeAzevedo arising out of the issuance of the false RVR, and (2) Plaintiff's due process claim against Defendants James arising out of the adjudication of the false RVR;

2. Plaintiff's First Amendment retaliation claims against Defendants Paz and Stephens arising out of the issuance of the false RVR and against Defendants DeAzevedo, Paz, and Jones arising out of the removal of the name tag from Plaintiff's wheelchair are dismissed for failure to state a claim;

3. Plaintiff's Eighth Amendment claims are dismissed for failure to state a claim;

4. Plaintiff's due process claim against Defendant Carreon is dismissed for failure to state a claim;

5. Plaintiff's claims for the violation of sections 51.5, 51.6, 51.7, 52, and 52.1 of the California Civil Code are dismissed for failure to state a claim;

6. Plaintiff's claim for declaratory relief is dismissed for failure to state a claim;

7. Defendants Carreon, Jones, and Oder are dismissed from the action based on Plaintiff's failure to state any claims against them; and

8. The Magistrate Judge shall provide Plaintiff with the documents necessary to initiate service of process.

IT IS SO ORDERED.

Dated:   March 22, 2012

CHIEF UNITED STATES DISTRICT JUDGE