1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  TIMOTHY HOWARD,                      CASE NO. 1:11-cv-00101-AWI-SKO PC

10              Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                        RECOMMENDING DEFENDANTS' MOTION
11       v.                            TO DISMISS BE DENIED, WITH PREJUDICE

12  D. L. DeAZEVEDO, et al.,            (Doc. 23)

13              Defendants.             FIFTEEN-DAY OBJECTION PERIOD
    _____/

14

15      **Findings and Recommendations Recommending Motion to Dismiss be Denied**

16  **I.    Procedural History**

17          Plaintiff Timothy Howard, a state prisoner proceeding pro se and in forma pauperis, filed this

18  civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2011.  Pursuant to the Court's

19  screening order, this action for damages is proceeding on Plaintiff's amended complaint on (1)

20  Plaintiff's First Amendment retaliation claims against Defendants DeAzevedo, Paz, and Stephens

21  arising out of the search of Plaintiff's cell and against Defendant DeAzevedo arising out of the

22  issuance of the false RVR, and (2) Plaintiff's due process claim against Defendants James arising

23  out of the adjudication of the false RVR.  (Doc. 14.)

24          On July 13, 2012, Defendants DeAzevedo, Paz, Stephens, and James filed a motion to

25  dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).  Plaintiff filed an opposition on July 27,

26  2012, and Defendants filed a reply on August 3, 2012.  The motion has been submitted upon the

27  record without oral argument pursuant to Local Rule 230(l).

28  ///

## II.   Discussion

### A.   Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011), cert. denied, 132 S.Ct. 1762 (2012); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007), cert. denied, 553 U.S. 1031 (2008); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B.   Plaintiff's First Amendment Retaliation Claims

The Court previously screened Plaintiff's amended complaint and in doing so, it issued a detailed order explaining the bases for its findings that Plaintiff stated cognizable claims. 28 U.S.C. § 1915A; Docs. 11, 14. The screening standard is the same standard which governs Rule 12(b)(6) motions, Watison, 668 F.3d at 1112, and therefore, in cases which have been screened, the Court generally views motions to dismiss for failure to state a claim with disfavor. Unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to "'rethink what it has already thought.'" Sequoia Forestkeeper v. U.S. Forest Service, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (quoting United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)). For the reasons which follow, the instant motion presents no exception to the general disfavor with which such motions are viewed, and Court is not persuaded

1    to depart from its prior screening order.

2            **1.**     **Legal Standard**

3        "Within the prison context, a viable claim of First Amendment retaliation entails five basic

4    elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because

5    of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

6    First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

7    goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>accord</u> <u>Watison</u>, 668 F.3d at

8    1114-15; <u>Silva</u>, 658 F.3d at 1104; <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

9            **2.**     **Protected Conduct**

10        Defendants first argue that Plaintiff was not engaged in conduct protected by the First

11    Amendment because holding the administrative segregation yard hostage threatened the safety and

12    security of the institution and was not protected conduct. To the extent that the Court's screening

13    order was unclear, holding the yard "hostage" was not the protected conduct at issue. (Amend.

14    Comp., ¶12.) Rather, Plaintiff's retaliation claim is premised on the adverse actions taken against

15    him because he, along with other prisoners, complained to superior officers about subordinate

16    officers' misconduct. (<u>Id.</u>, ¶¶13, 14.) Seeking redress from the government is protected by the First

17    Amendment and the Court rejects Defendants' argument that Plaintiff's retaliation claim lacks this

18    requisite element. <u>Watison</u>, 668 F.3d at 1114; <u>Silva</u>, 658 F.3d at 1104.

19            **3.**     **Advancement of Legitimate Correctional Goal**

20        Defendants next argue that the search of Plaintiff's cell furthered a legitimate correctional

21    goal and because Plaintiff failed to allege that the search of his cell did not reasonably advance such

22    a goal, he fails to state a claim. This argument, too, is rejected. Whether the cell search was

23    conducted in the advancement of a legitimate correctional goal rather than to retaliate against

24    Plaintiff for complaining, as he alleges, is an issue for a later stage in these proceedings at which

25    evidence may be considered. <u>E.g.</u>, <u>Nevada Dep't of Corr.</u>, 648 F.3d 1014, 1018 (9th Cir. 2011);

26    <u>Brodheim</u>, 584 F.3d at 1271; <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289-90 (9th Cir. 2003); <u>see also</u> <u>Barrett</u>

27    <u>v. Belleque</u>, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam). It would be inappropriate for the

28    Court to determine at the pleading stage that Plaintiff's retaliation claim is precluded because in

general, cell searches advance a legitimate correctional goal. <u>Bruce</u>, 351 F.3d at 1289. Furthermore, the Court declines to find that Plaintiff is specifically required to state that the search did not reasonably advance a legitimate penological goal when it is abundantly clear from his complaint that he is alleging the search was one of a series of adverse actions taken to retaliate against him for complaining. <u>See Silva</u>, 658 F.3d at 1105 (allegations of complaint must be read together).

### 4. Causal Connection

Finally, Defendants argue that Plaintiff failed to allege the requisite causal connection between his conduct and the cell search. Again, viewing the amended complaint as a whole, Plaintiff clearly alleges that his cell was searched by Defendants because he complained about them to their superior officers the previous day. <u>Silva</u>, 658 F.3d at 1105. (Amend. Comp., ¶¶13, 14, 16.) This is sufficient to satisfy the causal connection at the pleading stage. <u>Watison</u>, 668 F.3d at 1114.

### B. Fourteenth Amendment Due Process Claims

#### 1. Defendant DeAzevedo

Defendants, citing to decisions by Second and Seventh Circuits, argue that Plaintiff's due process claim against Defendant DeAzevedo should be dismissed because prisoners do not have a right to be free from wrongfully issued disciplinary reports. This action is not proceeding against Defendant DeAzvedo for violating Plaintiff's right to due process and it is unclear why this argument is being raised. (Doc. 14, 2:3-8.)

#### 2. Defendant James

Finally, Defendants argue that Plaintiff's due process claim against Defendant James should be dismissed because Plaintiff did not have a protected liberty interest at stake, the "sheer denial of due process" theory is inapplicable because the finding of guilt was supported by some evidence and it has been expunged, Plaintiff's allegations against Defendant James cannot support a due process claim because no amount of due process could justify his actions, Defendant James did not have the authority to postpone the disciplinary hearing, Defendant James was not responsible for the deficiencies in the disciplinary report, and the claim is moot. For the following reasons, the Court finds Defendants' arguments to be wholly without merit.

///

1               **a.**      **Liberty Interest**

2       The Court already determined that there was no protected liberty at stake; this is a non-issue.

3 (Doc. 11, 9:1-12; Doc. 14, 2:1-8.)

4               **b.**      **Sheer Denial of Due Process Theory**

5       Plaintiff alleges that the rules violation report (RVR) issued against him by Defendant

6 DeAzevedo was false in its entirety, as it accused him of threatening staff at 11:30 a.m. on March

7 10, 2010, when he was at the Kings County courthouse and was not present at the prison, and

8 Plaintiff alleges that the RVR's issuance was motivated out of retaliation against Plaintiff for

9 complaining. Plaintiff alleges that there were numerous irregularities regarding the investigative

10 employee report, notably that certain witnesses had not been questioned and that questions directed

11 to witness S. Ramirez had been falsified.[1]

12       Plaintiff requested that Defendant James, who was the hearing officer, postpone the hearing

13 on the ground that the investigative employee report was insufficient. When Defendant James

14 inquired how it was insufficient, Plaintiff informed him that the questions and answers attributed to

15 Officer Ramirez in the report were incorrect and he showed Defendant James Officer Ramirez's

16 statement regarding the timing of the escort. Defendant James allegedly proceeded to throw the

17 statement in the trash, told Plaintiff he did not see any statement from Ramirez, and conducted the

18 hearing.

19       Whether or not the finding of guilt was supported by some evidence is an issue appropriately

20 raised at a later stage in these proceedings, at which Defendants will present their version of events

21 support by evidence. At the pleading stage, Plaintiff has alleged that the RVR was false in its

22 *entirety* as it accused Plaintiff of misconduct he could not possibly have committed because he was

23 not present at the institution during the time in question and that Defendant James was not only

24 aware of the RVR's falsity but he destroyed evidence which supported Plaintiff's position. "The

25 touchstone of due process is protection of the individual against arbitrary action of government,"

26

27       [1] Ramirez was the correctional officer who escorted Plaintiff back to the building when he returned from

28 court and he provided Plaintiff with a written statement that he did not escort Plaintiff back to the building until 1:00 p.m.

1  Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963 (1974), and this is precisely the "sheer denial

2  of due process" which the Ninth Circuit has recognized supports a claim, Nonnette v. Small, 316

3  F.3d 872, 878-79 (9th Cir. 2002); Burnsworth v. Gunderson, 179 F.3d 771, 774-75 (9th Cir. 1999).

4  Defendants' argument that Plaintiff's claim is not cognizable under such a theory is untenable

5  ### c.    No Justification for Actions

6  Defendants cite to Toussaint v. McCarthy, 801 F.2d 1080, 1093 (9th Cir. 1986), abrogated

7  in part on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1985), in support of

8  their argument that Plaintiff's allegations against Defendant James cannot support a due process

9  claim because no amount of due process could justify his actions.  This argument is inapposite.  In

10 Toussaint, the Ninth Circuit was addressing and rejecting the plaintiffs' argument that the existence

11 of eighth amendment violations supported the existence of a due process liberty interest.  Id.  No

12 such theory is at issue here; the Court made a finding as to the lack of any protected liberty interest

13 and this action is not proceeding on any Eighth Amendment claims.

14 ### d.    Postponement and Report

15 Equally untenable are Defendants' arguments that Defendant James could not have violated

16 Plaintiff's due process rights because he did not have the authority to postpone the hearing and he

17 was not responsible for the investigative employee report.  Notwithstanding whatever the prison's

18 rules may have been,  Defendant James was the *hearing officer* and under federal law, Plaintiff was

19 entitled to a *fair hearing*.  Assuming the truth of Plaintiff's allegations, he did not receive a fair

20 hearing and the hearing officer went so far as to destroy the documentary evidence which belied the

21 charge against Plaintiff and then immediately thereafter state to Plaintiff that he never saw such a

22 document.  That Defendants would argue these actions cannot form the basis of a due process claim

23 is perplexing at best.  Nonnette, 316 F.3d at 878-79; Burnsworth, 179 F.3d at 774-75.

24 ### e.    Mootness

25 Finally, Defendants' argument that the claim is moot is rejected.  If Plaintiff proves his due

26 process rights were violated, his remedy is not limited to a "do-over with proper procedural due

27 process," as Defendants suggest.  (Doc. 23-1, Motion, 12:7-9.)  In as much as the RVR against

28 Plaintiff was ultimately dismissed, that form of relief is not available, and in fact, the Court already

1   limited this action to one for damages. (Doc. 14, 2:3.) The Court declines to speculate as to what

2   relief Plaintiff may be entitled should he prevail on his claim; it suffices to note the potential

3   availability of compensatory, nominal, and/or punitive damages in section 1983 actions. <u>Farrar v.</u>

4   <u>Hobby</u>, 506 U.S. 103, 112, 113 S.Ct. 566, 573 (1992); <u>Guy v. City of San Diego</u>, 608 F.3d 582, 587

5   (9th Cir. 2010); <u>Dang v. Cross</u>, 422 F.3d 800, 807-08 (9th Cir. 2005).

6   **III.   <u>Conclusion and Recommendation</u>**

7       Plaintiff's amended complaint clearly states claims upon which relief may be granted, as

8   determined by the Court when it screened Plaintiff's complaint. <u>Wilhelm</u>, 680 F.3d at 1121;

9   <u>Watison</u>, 668 F.3d at 1112; <u>Silva</u>, 658 F.3d at 1101; <u>Hebbe</u>, 627 F.3d at 342. Although Defendants'

10  counsel acknowledged the existence of the screening order in one sentence in the motion, more than

11  passing familiarity with the order it is not readily apparent. Counsel advances arguments aimed at

12  refuting claims and issues which have already been resolved, and counsel characterizes the facts and

13  the law in ways which are not supportable. Zealous advocacy is one thing; unnecessary

14  multiplication of the proceedings through the filing of frivolous motions is quite another – counsel

15  is cautioned that it will not be tolerated.

16      The Court finds that Defendants have not met their burden as the parties moving for

17  dismissal and the Court HEREBY RECOMMENDS that their motion to dismiss for failure to state

18  a claim, filed on July 13, 2012, be DENIED, with prejudice.

19      These Findings and Recommendations will be submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15)**

21  **days** after being served with these Findings and Recommendations, the parties may file written

22  objections with the Court. The document should be captioned "Objections to Magistrate Judge's

23  Findings and Recommendations." The parties are advised that failure to file objections within the

24  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d

25  1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  **Dated:   November 28, 2012**                        **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE
28

7