# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD, | Case No. 1:11-cv-00101-AWI-SKO PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| D. L. DeAZEVEDO, et al., | (Doc. 44) |
| Defendants. | MOTION TO COMPEL DEADLINE: 80 DAYS |

## I. Background

Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2011. Pursuant to the Court's screening order, this action for damages is proceeding on Plaintiff's amended complaint on (1) Plaintiff's First Amendment retaliation claims against Defendants DeAzevedo, Paz, and Stephens arising out of the search of Plaintiff's cell and against Defendant DeAzevedo arising out of the issuance of the false RVR (CDCR 115 Rules Violation Report), and (2) Plaintiff's due process claim against Defendants James arising out of the adjudication of the false RVR. The events giving rise to Plaintiff's claims occurred at California Substance Abuse Treatment Facility and State Prison, Corcoran ("CSATF") in March and April of 2010. (Docs. 9, 10, 14.)

Pursuant to the scheduling order, the deadline for the completion of all discovery was August 11, 2013. (Doc. 30.) On March 21, 2013, Plaintiff filed a timely motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B). (Doc. 44.) Defendants DeAzevedo, Paz, Stephens, and James ("Defendants") filed an opposition on April 11, 2013. (Doc. 45.) Plaintiff did not file a reply, and the motion has been submitted upon the record without oral argument.[1] Local Rule 230(*l*).

## II.  Discussion

### A.  Motions to Compel

Plaintiff is proceeding pro se and he is a state prisoner challenging his past conditions of confinement at CSATF. As a result of Plaintiff's incarceration, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 30, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing

---

[1] Plaintiff's receipt of Defendants' opposition and his representations regarding problems with law library access are set forth in Plaintiff's motion for the appointment of counsel and for sanctions, filed on July 31, 2013. That motion is addressed by separate order. Relevant to the pending motion to compel is the absence any motion seeking an extension of time to file a reply and/or for leave to file an untimely reply.

protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith and callous disregard of discovery responsibilities cannot be condoned. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the parties were relieved of the meet and confer requirement and the requirement that they file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251. As a result, Plaintiff bears an initial procedural burden in moving to compel; the Court is disinclined to sift through the parties' discovery requests and responses in an effort to determine what is in dispute and why it is in dispute. Fed. R. Civ. P. 7(b)(1). Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit). *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.

Cal. Mar. 27, 2008). However, the Court is vested with broad discretion to manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation and to the extent possible, the Court endeavors to resolve his motion to compel on its merits, *e.g.*, *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

### B.   Interrogatories[2]

#### 1.   Legal Standard

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, __ F.R.D. __, __, 2013 WL 1402363, at *1 (E.D. Cal. Apr. 5, 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

///
///
///

---

[2] Pursuant to the order filed on February 4, 2013, Defendants' responses to Plaintiff's interrogatories and requests for the production of documents were due on February 14, 2013. However, Federal Rule of Civil Procedure 6(e) provides for three additional days for mailing. Accordingly, Defendants' responses were timely served on February 15, 2013, contrary to Plaintiff's assertion of untimeliness.

4

## 2. **Defendant DeAzevedo**

### a. **ROGs 1 and 2**

Although Plaintiff seeks to compel a further response to ROGs 1 and 2, he did not provide any argument regarding the insufficiency of Defendant's responses. (MTC, pp. 8, 46-47.) Defendant DeAzevedo argues that Plaintiff's motion should be denied on that ground. (Opp., p. 9.)

The Court has reviewed ROGs 1 and 2 and the responses, notwithstanding Plaintiff's failure to make an argument, and the Court can discern no basis for Plaintiff's motion to compel a further response. Plaintiff sought the policies regarding 115 (Rules Violation Report) preparation and the D.O.M. (Department Operations Manual), O.P. (Operations Procedure) 100, and Title 15 regulations, and Defendant provided responses.

Plaintiff's motion to compel is denied.

### b. **ROG 3**

This interrogatory is somewhat confusing as drafted and it improperly seeks documents, but Plaintiff is seeking the names, CDCR numbers, and locations of any inmates who were interviewed by Defendant DeAzevedo on March 9, 2010, or on March 10, 2010, concerning a staff search of Plaintiff's cell.[3] (MTC, p. 47.) Notwithstanding various objections, Defendant DeAzevedo responded that he does not recall the identities of the inmates he interviewed in order to respond to Plaintiff's inmate appeal and he does not have access to any records that could refresh his recollection. (*Id.*, p. 48.)

In his motion, Plaintiff's argues that Defendant DeAzevedo never conducted an investigation or interviewed any inmates, and he seeks evidence to refute Defendants' position that an investigation was conducted. (MTC, pp. 9-10.) In response, Defendant DeAzevedo states that he is unable to recall the identities of any inmates he interviewed as part of the informal level response to Plaintiff's inmate appeal. (Opp., p. 10.) The appeal response does not indicate the

---

[3] Plaintiff improperly sought documents in numerous interrogatories. Defendants are not required to produce documents in response and for each interrogatory in which documents were sought, Plaintiff's motion to compel documents is denied.

5

identities of any inmates interviewed, and no documentation exists to review and refresh his recollection. (*Id.*)

Plaintiff's motion to compel is granted in part.

The interrogatory response provided by Defendant DeAzevedo falls slightly short of being sufficient because it suggests documents may exist which could refresh his recollection and given that possibility, it is unclear from the response whether Defendant made a reasonable effort to respond. However, Defendant's response in opposition to Plaintiff's motion is sufficient, as it makes clear that Defendant does not recall who he interviewed and no documents exist which could refresh his recollection. Defendant shall serve a supplemental response to ROG 3 which includes the information provided in his opposition. Upon service of a supplemental response containing that information, nothing further is required.

### c. ROG 4

Plaintiff stated that Defendant answered three inmate appeals by Plaintiff, inmate Howard, and inmate Nava on March 10, 2010, and he sought to know how Defendant got the appeals and who told him to investigate and answer them. (MTC, p. 48.) Notwithstanding his objections, Defendant DeAzevedo responded that Defendant James recommended he investigate Plaintiff's allegations and meet with him to resolve the issues. (*Id.*)

In his motion, Plaintiff argues that Defendant's answer is incomplete because it addresses only Plaintiff's appeal. (*Id.*, 18.) Defendant responds that he encountered some confusion in responding to the interrogatory, but Plaintiff, inmate Howard, and inmate Nava all filed similar appeals and he was asked to investigate and respond to all three because they dealt with the same allegations. (Opp., p. 11.)

Plaintiff's motion to compel is granted in part.

Defendant De Azevedo shall serve a supplemental response including the additional information offered in his opposition. No further response beyond that is required.

### d. ROG 5

Plaintiff sought to know the D.O.M., O.P. 100, and Title 15 policies regarding riots, disturbances, emergencies, emergency counts, and yard recall, and he requested the attachment of

6

any reports, memoranda, etc. which documented any riots, disturbances, or emergency counts at CSATF on March 8, 2010. (MTC, 48.)

On March 8, 2010, Plaintiff and other inmates held the exercise yard cages "hostage" so that they could speak to administrators about the abuses against them by Defendants DeAzevedo, Paz, and Stephens. (Amend. Comp., ¶12-14.) Plaintiff and the other inmates were successful and they were able to voice their grievances to Lieutenant Childs and Sergeant Plunket. (*Id.*, ¶14.) Plaintiff's involvement in complaining about staff on March 8, 2010, allegedly led to the retaliatory actions taken against him which are at issue in this action.

Although Plaintiff argues that the information he seeks is relevant, the Court cannot discern the relevance of these prison policies to Plaintiff's claims.[4] (MTC, p. 19.) Defendant DeAzevedo issued Plaintiff an RVR for threatening staff on March 10, 2010, and that RVR forms the basis of a retaliation claim against Defendant DeAzevedo and a due process claim against Defendant James, but the policies Plaintiff seeks are not relevant to those claims. (MTC, Ex. B; Doc. 56, MSJ, Ex. E.)

Therefore, Defendant's objections to the interrogatory on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence are sustained and Plaintiff's motion to compel a response is denied.

### e. **ROG 6**

With respect to ROG 6, Plaintiff sought to know if Defendant DeAzevedo has ever been sued and the civil case numbers. (MTC, p. 48.) Defendant's objections to the request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence are sustained, and Plaintiff's motion to compel is denied. (*Id.*, pp. 19, 48.)

### 3. **Defendant Paz**

#### a. **ROG 1**

Plaintiff sought to know whether Defendant Paz worked in the E-1 Ad-Seg unit on March 8, 9, and 10, 2010. (MTC, p. 52.) Notwithstanding his objection to the interrogatory as

---

[4] Defendants filed a motion for summary judgment on October 18, 2013, and they do not argue that Plaintiff participated in a riot or other emergency situation where the policies Plaintiff's seeks would be relevant. (Doc. 56.)

compound, Defendant Paz responded that he worked on March 9, 2010. (*Id.*) Plaintiff argues in his motion to compel that the response is incomplete.

In opposition, Defendant Paz acknowledges that his response is incomplete and states he will serve a supplemental response to address March 8 and 10, 2010. (Opp., 19.) In light of this representation, Plaintiff's motion to compel is denied as moot.

### b. ROG 2

If Defendant Paz worked in E-1 Ad-Seg on March 8, 2010, Plaintiff sought to know if there was any riot, disturbance, or emergency count at CSATF. (MTC, p. 53.) Notwithstanding his objections, Defendant responded that he does not recall any incident involving Plaintiff on March 8, 2010. (*Id.*)

Plaintiff's motion to compel a further response is denied. As set forth previously, this action does not involve any claims arising out of a riot or other emergency situation and therefore, Defendant Paz's response that he does not recall any incident on March 8, 2010, involving Plaintiff is sufficient.

### c. ROG 3

Plaintiff sought to know the record-keeping policies regarding transportation of inmates to court. (MTC, 53.) Notwithstanding his objections, Defendant Paz responded that he is not responsible for transporting inmates to court and is unfamiliar with the relevant policies. (*Id.*)

Plaintiff's motion to compel a further response is denied. Defendant Paz is not required to conduct an investigation into policies relating to job duties which do not involve him, and Plaintiff has not made any showing in support of his request which would entitle him to a further response.

### d. ROG 4

Plaintiff sought to know who conducted count on March 10, 2010, how many inmates were counted, when the count was conducted, and whether Plaintiff was counted in or outside of E-1 Ad-Seg on March 10, 2010. (MTC, p. 53.) Notwithstanding his objections, Defendant Paz responded that one-hundred fifty inmates were counted in E-1 on March 10, 2010, and records do not show whether Plaintiff was counted. (*Id.*, pp. 53-54.) Defendant Paz stated that he does not have access to any further records to refresh his recollection.

8

1 Plaintiff's motion to compel is denied. In the absence of any argument by Plaintiff in
2 support of his motion to compel, the Court declines to speculate why this response is not
3 sufficient.

### e. ROG 6

Plaintiff sought to know whether there was an inmate named Jimenez who boarded up in cell 126 and what time the incident was resolved. (MTC, p. 54.) Notwithstanding his objections, Defendant Paz stated that he does not recall the incident. (*Id.*)

Plaintiff's motion to compel is denied. In the absence of any argument by Plaintiff in support of his motion to compel, the Court declines to speculate why this response is not sufficient.

### f. ROG 7

Plaintiff sought to know whether he was moved to ASU (Ad-Seg) on March 19, 2010, which officer completed the CDCR 154 bed move form, what time the move was approved, what time Plaintiff was moved, and the names of the escorting officers. (MTC, p. 54.) Notwithstanding his objections, Defendant Paz responded that he does not recall, nor does he believe he ever knew, the identities of the escorting officers and the author of the CDCR 154 form. (*Id.*, pp. 54-55.)

Plaintiff's motion to compel is denied. In the absence of any argument by Plaintiff in support of his motion to compel, the Court declines to speculate why this response is not sufficient. The Court notes that the relevancy of an incident on March 19, 2010, is not readily apparent.

### g. ROG 9

Plaintiff sought to know if Defendant Paz has ever been sued and the civil case numbers. (MTC, p. 55.) Defendant Paz's objections to the request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence are sustained, and Plaintiff's motion to compel is denied. (*Id.*)

///
///
///

9

### 4. Defendant James

#### a. ROG 2

Plaintiff sought to know which staff screened his investigative employee questions. (MTC, p. 60.) Notwithstanding his objections, Defendant James responded that Officer Carreon was assigned as Plaintiff's investigative employee and he prepared the investigative employee report, which was reviewed by Defendant James. (*Id.*)

Plaintiff's motion to compel is denied. Defendant James answered the question and Plaintiff is required to accept that answer.

#### b. ROG 3

Plaintiff sought to know if it would be a denial of due process if his witnesses such as Lieutenant Childs, Sergeant Plunkett, Sergeant Ourique, and "Correctional Officer" were not questioned. (MTC, p. 60.) Plaintiff also sought to know their full names and current locations if no longer employed at CSTAF. (*Id.*)

As phrased, Plaintiff's interrogatory is impermissibly vague. It is unclear if Plaintiff is referring to "due process" as provided for in prison regulations governing disciplinary hearing, under federal law, or under some other definition.

With respect to his witnesses' identities and locations, Plaintiff is entitled to discovery concerning potential witnesses. Boilerplate objections and vague references to state law do not suffice to shield Defendants from providing discovery. (Opp., p. 14.) Therefore, Plaintiff's motion to compel is granted in part and denied in part as follows.

Plaintiff's motion to compel a further response to his due process inquiry is denied, but Plaintiff may redraft the interrogatory to clarify the information he is seeking. The redrafted inquiry must be served within thirty days from the date of service of this order.

With respect to the witness inquiry, Defendants shall respond by providing Plaintiff with first initials and last names. The Court declines to order Defendants to provide the staff members' first names, residential addresses, or employment addresses at this juncture. The Court will revisit this interrogatory in the future if Plaintiff is able to make an offer of proof regarding his need for more specific information. At that time, Defendants may weigh in again regarding security issues

and possible solutions that would balance Plaintiff's need for the discovery with legitimate safety and security concerns.[5] *See e.g.*, *Fisher v. Felker*, No. 2:07-cv-02271-PMP-GWF, 2011 WL 39124, at *3 (E.D. Cal. Jan. 5, 2011) (an objection to the disclosure of otherwise discoverable information must be sufficiently detailed for the court to determine it should be kept confidential).

### c.  ROG 4

Plaintiff asked, "If the answer's inside the investigative employee report were not the actual answer's given by any questioned witness would that deny due process." (MTC, p. 60.)

Plaintiff's motion to compel is denied. Plaintiff's interrogatory is vague and confusing as drafted and in the absence of any argument by Plaintiff in support of his motion to compel, the Court declines to order a further response.

### d.  ROG 5

Plaintiff sought to know the names of the Corcoran State Prison transportation team that transported him to court on March 10, 2010, and March 19, 2010. (MTC, p. 61.) Notwithstanding his objections, Defendant James responded that he does not remember, nor does he believe he ever knew, the identities of the transportation team on March 10, 2010, and March 19, 2010. (*Id.*) Further, Defendant James represents that he conducted a reasonable inquiry and a diligent search and he has no documents to refresh his recollection. (*Id.*)

Plaintiff's motion to compel is denied. Based on Defendant's representation that he conducted a reasonable inquiry and a diligent search, Plaintiff is not entitled to a further response and he is required to accept that answer. Although Plaintiff argues that Defendant James' response is "mendacious," Defendants supported their opposition with a declaration from Litigation Office Technician F. Villa and emails between then-defense counsel Rory Allen and Mr. Villa. (MTC, 13:6-9; Doc. 45-2, Opp., court record pp. 1-6.) These exhibits support Defendants' position that they sought relevant documents and attempted, in good faith, to provide

---

[5] For example, should this case proceed to trial and should Plaintiff be able to make the requisite showing to obtain the issuance of subpoenas ad testificandum compelling one or more witnesses to appear for trial, the addresses might be subject to submission under seal and to an order directing the United States Marshal to serve the subpoenas but keep the addresses confidential. At this juncture, Plaintiff's need for any further information is purely speculative and he will bear the burden of submitting an offer of proof regarding how he intends to use the evidence. For trial witnesses, this includes an offer of proof regarding his ability and willingness to pay the requisite witnesses fees and travel expenses for unincarcerated witnesses who refuse to testify voluntarily.

responses to Plaintiff's requests. Plaintiff did not file a reply and the Court declines to speculate on what further steps Defendants should have taken under the circumstances.

### e. ROG 6

Plaintiff sought to know the name of the person who is in control of, or responsible for, transportation records at Corcoran State Prison. (MTC, p. 61.) Defendant James objected to the interrogatory as vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*)

Plaintiff's motion to compel is denied.

One of Plaintiff's claims is that he was falsely written up for threatening staff during a time he was actually out to court in Hanford, California (Kings County Superior Court). That event allegedly occurred on March 10, 2010, and transportation records for that day are relevant to Plaintiff's claim.[6] However, the events at issue occurred at CSATF and the Court cannot discern the relevance of Corcoran State Prison to Plaintiff's claims.

### f. ROG 8

Plaintiff sought the full names, CDCR numbers, and locations for inmates Nava, Jimenez, Blake, Covington, and McCoy, and the names of the wardens at the prisons housing them. (MTC, p. 62.)

Defendant James may not rely on vague safety and security concerns to avoid responding to discovery requests. (MTC, p. 62; Opp., p. 16.) Inmates Nava, Jimenez, Covington, and McCoy were involved in the initial incident on the yard on March 8, 2010, which allegedly motivated Defendants DeAzevedo, Paz, and Stephens to retaliate against Plaintiff, and inmate Blake witnessed the allegedly retaliatory cell search on March 9, 2010. Information regarding eye and ear witnesses is clearly subject to discovery, and Defendant James' objections do not suffice to prevent disclosure.[7]

---

[6] The date of March 19, 2010, does not appear to be relevant to Plaintiff's claims, although it appears Plaintiff had another court appearance that day. (MTC, Ex. C.)

[7] Inmates may obtain permission to correspond with one another, but it requires written authorization from a prison official at a level not less than Correctional Captain/Facility Captain. Cal. Code Regs., Tit. 15, § 3139.

12

1    Plaintiff's motion to compel a further response is granted.

2    If there exist compelling security concerns specific to Plaintiff and one or more of his
3  inmate witnesses, Defendants may send the Court a detailed declaration via email to
4  skoorders@caed.uscourts.gov and the Court will review it in camera. *E.g.*, *Fisher*, 2011 WL
5  39124, at *3. However, the safety and security concerns must be of sufficient magnitude to
6  outweigh Plaintiff's right to what would otherwise be discoverable information. *West v. Dixon*,
7  No. 2:12-cv-1293-DAD, 2013 WL 5934409, at *2-3 (E.D. Cal. Nov. 5, 2013). A general state
8  policy against disclosure of inmates' names, CDCR numbers, and locations will not suffice.

### 5. Defendant Stephens

#### a. ROG 1

Plaintiff sought to know whether there are any records concerning disrespect to staff, riots, etc. on March 8, 2010, involving Plaintiff and inmates Nava, McCoy, Covington, and Jimenez. (MTC, p. 65.) Notwithstanding his objections, Defendant Stephens responded that he is not aware of any relevant records. (*Id.*, pp. 5-6.)

Plaintiff contends that the interrogatory calls for a "simple" yes or no answer. (*Id.*, p. 15.)

Plaintiff's motion to compel a further response is denied. Defendant Stephens is required to make a reasonable effort to respond and there is no basis for concluding that he did not do so with respect to this inquiry. The answer given was no and Plaintiff must accept that answer.

#### b. ROG 3

Plaintiff sought the name of the log book at the transportation sally port where vehicles arrive and depart. (MTC, p. 66.) Notwithstanding his objections, Defendant Stephens responded that he is not familiar with the sally port log book and he does not know if it has a specific designation or name. (*Id.*, p. 67.)

Plaintiff's motion to compel a further response is denied. Defendants have submitted evidence in support of their opposition that the vehicle sally port does not have an isolation log book. (Opp., Villa Dec., ¶5, Ex. A.) In light of that evidence, to which Plaintiff did not reply, no further response is necessary.

13

### C. **Request for Production of Documents**[8]

#### 1. **Legal Standard**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.

#### 2. **POD 1**

Relevant to his motion to compel, Plaintiff seeks the handwritten copy of the RVR (CDCR 115 Rules Violation Report) issued by Defendant DeAzevedo, and he argues that all reports are

---

[8] Defendants' opposition contains some errors with respect to numbering. The POD numbers set forth in this section are those identified by Plaintiff in his motion, cross-referenced with the attached PODs.

1  handwritten before being typed.  (MTC, p. 72.)  Plaintiff seeks the handwritten copy to support his
2  position that the official RVR which was issued was inaccurate.  (*Id.*, p. 23.)

3        In opposition to Plaintiff's motion to compel, Defendants represent that they were unable
4  to locate a handwritten copy of the RVR in Plaintiff's central file, in SATF records, or in their
5  own records.  (Opp., p. 21.)

6        This response suffices to show that no responsive document was found.  However, that
7  response was provided in the opposition brief rather than in Defendants' response to Plaintiff's
8  discovery request.  Defendants shall serve a supplemental response to POD 1 within thirty days.
9  No further response beyond that is required.

10       **3.**    **POD 2**

11       Plaintiff seeks the isolation log book for E-1 Ad-Seg and the ASU for March 8, 9, 10, and
12 19, 2010.  (MTC, p. 72.)  Defendants objected to the request and stated they do not have
13 responsive documents in their custody or control.  (*Id.*)

14       Plaintiff's motion to compel a response is granted in part and denied in part.

15       Boilerplate objections regarding confidentiality and privacy do not suffice, and
16 Defendants' position that CDCR policy precludes the release of names, CDCR numbers, locations,
17 and custody levels of other inmates does not shield disclosure.  *West*, 2013 WL 5934409, at *2-3;
18 *Fisher*, 2011 WL 39124, at *3.  The Court is not persuaded that there exists an obvious risk to
19 safety and security if this information is disclosed.  If Defendants seek to avoid the disclosure of
20 otherwise discoverable information, they must comply with federal law and they have not done so.
21 *Bryant v. Armstrong*, 285 F.R.D. 596, 604-05 (S.D. Cal. 2012) (setting forth threshold
22 requirements for claiming official information privilege).

23       Defendants do not argue in their opposition that they lack possession, custody, or control
24 of responsive documents and the documentation attached to Defendants' opposition evidences
25 their possession of these documents.  (Opp., Ex. A to Villa Dec., pp. 5-6.)  Therefore, the
26 conclusory assertion in response to the request regarding lack of custody or control is rejected.

27       Finally, Defendants argue in opposition that Plaintiff already has the log book for March
28 19, 2010, and they should not be required to produce it.  Plaintiff has made no showing that he

requires the production of a document already in his possession. (MTC, Ex. A.) Therefore, his request for compel production of the log book for March 19, 2010, is denied. However, Defendants shall produce responsive documents for March 8, 9, and 10, 2010, within thirty days.

### 4. POD 4

Plaintiff seeks the CSATF vehicle transportation sally port isolation log book for March 10, 2010, and March 19, 2010. (MTC, p. 73.)

Plaintiff's motion to compel is denied.

With respect to March 10, 2010, documentation attached to Defendants' opposition demonstrate that there is no isolation log book for the sally port.[9] (Opp., Villa Dec., ¶5 & Ex. A, pp. 5-6.) Plaintiff did not file a reply and in the absence of a showing to the contrary, his motion to compel is denied on the basis that no responsive documents exist.

### 5. POD 7

Plaintiff seeks the CDCR 114-A for himself. (MTC, p. 74.) Notwithstanding their objections, Defendants provided responsive documents. (*Id.*)

In his motion, Plaintiff argues that Defendants' objections to his request lack merit and that the one-page 114-A produced was dated May 5, 2011. (*Id.*, p. 28.) Defendants argue in opposition that they produced a copy of the record found in Plaintiff's central file and they reiterate their objection to the request as vague with regard to time and institution. (Opp., p. 26.)

Plaintiff's motion to compel is denied. Defendants' objections to the request as vague are sustained. Plaintiff does not identify the date or provide any other information regarding the subject matter of the 114-A record. Furthermore, Defendants represent that they produced what they found in Plaintiff's central file and in the absence of any showing why this response is deficient, Plaintiff is not entitled to relief.

///
///
///

---

[9] Records from March 19, 2010, have no obvious relevance to Plaintiff's claims, as Defendants argue in their opposition.

16

### 6. POD 8

Plaintiff seeks Corcoran State Prison (Cor 1) transportation records for March 10, 2010, and March 19, 2010. (MTC, pp. 74-75.) Notwithstanding their objections, Defendants produced responsive documents. (*Id.*, p. 75.)

As previously discussed, the Court cannot discern the relevance of records from March 19, 2010. Although Plaintiff argues in his motion that he went to court on March 19, 2010, and he was re-housed upon his return based on the false 115 (RVR), the Court still cannot discern how transportation records from March 19, 2010, fall within the scope of discovery. Fed. R. Civ. P. 26(b)(1). (MTC, p. 29.) Plaintiff bears the burden on this issue and it has not been met.

With respect to March 10, 2010, Defendants produced documents, identified as Exhibit C to their response. Plaintiff makes no argument in his motion regarding the insufficiency of the response provided. Further, although Plaintiff submitted his discovery requests and the responses, he did not submit the documents that were produced. In the absence of any showing why the documents produced do not suffice, Plaintiff's motion to compel is denied.[10]

### 7. POD 14

Plaintiff seeks the CDCR 143 property receipt from Corcoran State Prison and CSTAF from August 21, 2009, to August 21, 2010. (MTC, pp. 76-77.) Notwithstanding their objections, which included relevance, Defendants responded that they have no responsive documents in their custody or control. (*Id.*, p. 77.)

In his motion, Plaintiff argues that the property receipt is relevant because Defendants destroyed his property on March 9, 2010, and the receipt shows he transferred to CSATF with no property on August 21, 2009. (*Id.*, p. 30.) Plaintiff goes on to argue that the receipts will show what property was and was not transferred, which will assist him in addressing any argument by Defendants regarding whether he did or did not have property.

---

[10] Although this issue need not be addressed further given the Court's ruling, the Court again notes that Plaintiff is seeking documents from California State Prison-Corcoran while the events at issue occurred at CSTAF. There may be an explanation for this, but one has not been provided and it is not clear to the Court why documents generated at a different institution in March 2010 are relevant.

To the extent such receipts might show that Plaintiff was transferred to CSTAF prior to March 10, 2009, with property and then transferred from SATF after March 10, 2009, without property, the receipts are potentially relevant to Plaintiff's claim that his property was destroyed by Defendants. However, in opposition to Plaintiff's motion, while maintaining their objection to the relevancy of the August 21, 2010, property receipt, Defendants state that a search uncovered no property receipts for Plaintiff. (Opp., p. 25.)

Plaintiff's motion to compel is granted only in so far as Defendants shall serve a supplemental response stating that a search was conducted and no responsive documents exist at CSATF for the time period in question.[11]

### 8. POD 17

Plaintiff seeks the superior court's minute orders from R&R and the litigation office for March 10, 2010, and March 19, 2010. (MTC, p. 78.)

Notwithstanding their objections to the March 19, 2010, documents as irrelevant and their response that they do not have custody or control over any responsive documents, Defendants subsequently submitted evidence in opposition to Plaintiff's motion demonstrating that R&R and the litigation office do not maintain inmates' court minute orders. (MTC, p. 78; Opp., 26.) That response suffices to demonstrate that no responsive documents exist. Plaintiff's motion to compel is granted only in so far as Defendants shall serve a supplemental response stating that no responsive documents exist.

### D. Sanctions

Finally, Plaintiff seeks the imposition of sanctions against Defendants under the Court's inherent authority and under Federal Rule of Civil Procedure 37(a)(5).

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's

---

[11] Plaintiff again includes Corcoran in this request. Given Plaintiff's explanation for seeking property receipts between August 21, 2009, and August 21, 2010, property receipts prepared upon Plaintiff's arrival at CSATF and departure from CSATF, if any, suffice.

18

inherent power, the conduct must have constituted, or been tantamount to, bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, *Vernon*, 255 F.3d at 1134; *Fink*, 239 F.3d at 994, but mere negligence or recklessness will not suffice, *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009).

Despite Plaintiff's argument to the contrary, the record does not support a finding that Defendants acted in bad faith in responding to Plaintiff's discovery requests, and Plaintiff's motion for sanctions pursuant to the Court's inherent authority is denied.

With respect to Rule 37, the Court may apportion reasonable expenses where a motion to compel is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). In this instance, the Court does not find that an apportionment of expenses is just, as Plaintiff is the prevailing party on only 6 out of 22 discovery requests and out of the 6 requests, 4 require only that Defendants supplement their responses to include the information they provided in their opposition to Plaintiff's motion to compel. Furthermore, Plaintiff has not incurred attorney's fees nor has he shown he in fact incurred photocopying and mailing costs.[12] *See Haney v. Saldana*, No. 1:04-cv-05935-AWI-SMS-PC, 2010 WL 3341939, at *10 (E.D. Cal. Aug. 24, 2010) (lack of attorney's fees, entitlement to free copies as indigent prisoner, and court's need to issue a number of limiting instruction are circumstances under which an award of sanction to the plaintiff would be unjust).

**III.    Order**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to compel is GRANTED in part and DENIED in part as follows:

    a. Plaintiff's motion is denied as to DeAzevedo ROGs 1, 2, 5, and 6; Paz ROGs 1, 2, 3, 4, 6, 7, and 9; James ROGs 2, 4, 5, and 6; Stephens ROGs 1 and 3; and PODs 1, 4, 7, 8;

///

---

[12] Pro se litigants are not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435, 1423 S.Ct. 1435 (1991).

19

      b. Within **thirty (30) days** from the date of service of this order, Defendants shall serve supplemental responses to DeAzevedo ROGs 3 and 4; James ROG 8; and PODs 2, 14, and 17;

      c. Within **thirty (30) days** from the date of service of this order, Plaintiff may redraft and serve James ROG 3, and if he does so, Defendant James shall serve a response within **thirty (30) days** from the date of service of the request; and

      d. If a motion to compel is necessitated by Defendants' responses to James ROGs 3 and 8 and POD 2, it must be filed within **eighty (80) days** from the date of service of this order; and

    2. Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **November 25, 2013**          /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE