1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD, | Case No. 1:11-cv-00101-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND |
| v. | SANCTIONS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S |
| D. L. DeAZEVEDO, et al., | REQUESTS FOR JUDICIAL NOTICE |
| Defendants. | (Docs. 50, 51, and 55) |
| _____/ | |

## I.     Background

Plaintiff Timothy Howard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2011.  Pending before the Court are Plaintiff's motion for the appointment of counsel and for sanctions, filed on July 31, 2013, and Plaintiff's requests for judicial notice, filed on August 19, 2013, and on September 13, 2013.  Defendants filed an opposition to Plaintiff's motion on August 20, 2013, and Plaintiff filed a reply on September 9, 2013.

## II.     Motion for Appointment of Counsel

With respect to Plaintiff's motion for the appointment of counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so

1   only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789

2   F.2d 1328, 1331 (9th Cir. 1986).   In making this determination, the Court must evaluate the

3   likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light

4   of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation

5   marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be

6   viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789

7   F.2d at 1331.

8        In the present case, the Court does not find the required exceptional circumstances.  Even

9   if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

10   which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

11   similar cases almost daily.  Further, the Court cannot make a determination that Plaintiff is likely

12   to succeed on the merits, and based on a review of the record in this case, the Court does not find

13   that Plaintiff cannot adequately articulate his claims.  *Palmer*, 560 F.3d at 970.

14        While Plaintiff asserts various inferences with his ability to litigate this case, discussed in

15   section III, Plaintiff's filings belie any claim that he is unable to adequately prosecute this action.

16   The Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his

17   incarceration, but the test is not whether Plaintiff would benefit from the appointment of counsel.

18   *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during

19   litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary

20   to support the case.")  The test is whether exceptional circumstances exist and here, they do not.

21        Plaintiff's motion for the appointment of counsel is denied.

22   **III.   Motion for Sanctions**

23        Plaintiff seeks the imposition of sanctions against Defendants and their former attorney

24   under 28 U.S.C. § 1927, based on their alleged interference with his ability to litigate this case

25   following his transfer to Pelican Bay State Prison ("PBSP"), as set forth in detail in his sixty-two

26   page motion filed on July 31, 2013.[1]

27

28   ---

[1] Plaintiff's requests for judicial notice in support of his motion are granted in part and denied in part.  The requests are granted in that the Court has reviewed the exhibits and arguments in conjunction with Plaintiff's motion for sanctions.  However, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1)

1

### A.     Legal Standards

2     "Under section 1927, an attorney who unreasonably and vexatiously 'multiples the

3    proceedings' in a case may be required to pay the excess fees and costs caused by such conduct."

4    *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1189 (9th Cir. 2012).  The imposition of

5    sanctions against counsel under section 1927 requires a finding of bad faith or recklessness.

6    *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218-19 (9th Cir. 2010).

7     In his motion, Plaintiff also refers to the Court's inherent authority to impose sanctions,

8    and a finding of bad faith is required to support an award of sanctions against Defendants or their

9    counsel under the Court's inherent authority.  *Lahiri*, 606 F.3d at 1219.

10

### B.     Discussion

11     As a threshold matter, while the Court acknowledges Plaintiff's stated frustrations in

12    dealing with varying levels of prison bureaucracy relating to law library access, photocopying

13    polices, etc., the Court's jurisdiction is limited to adjudicating Plaintiff's legal claims in this

14    action.  *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Lujan*

15    *v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); *Mayfield v. United States*,

16    599 F.3d 964, 969 (9th Cir. 2010).  The Court does not have jurisdiction over staff at PBSP and it

17    cannot issue orders directed at remedying conditions of confinement at PBSP.  *Zepeda v. United*

18    *States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).  Decisions regarding the day-to-

19    day administration of prisons are left to the sound discretion of prison officials and nothing set

20    forth in Plaintiff's motion either compels or permits departure from that long-standing principle.

21    *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162 (2003); *Sandin v. Conner*, 515 U.S. 472,

22    482-83, 115 S.Ct. 2293 (1995); *Bell v. Wolfish*, 441 U.S. 520, 545-46, 99 S.Ct. 1861 (1979).  To

23

24    generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination
by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), and while the Court may
25    take judicial notice of court records in other cases, *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004),
"judicial notice of findings of fact from another case exceeds the limits of Rule 201," *Wyatt v. Terhune*, 315 F.3d
26    1108, 1114 (9th Cir. 2003) (citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.
1983)).  Thus, while the Court reviewed the documents, neither their contents nor Plaintiff's arguments regarding
27    what the documents evidence are subject to judicial notice.

28

1    the extent Plaintiff needs an extension of time to comply with a deadline, he is aware of the

2    availability of that form of relief.  (Doc. 59.)   However, the Court cannot otherwise intervene.

3    *E.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).

4         Turning to Plaintiff's motion for sanctions, while Plaintiff contends that Defendants and

5    their former attorney falsely represented to staff at PBSP that this case did not exist, Plaintiff's

6    evidence of this interference consists of an alleged statement made to him by PBSP law librarian

7    E. McCumsey.  Plaintiff's attestation that McCumsey told him that Defendant James and an

8    "Allen" told her there was no pending case is uncorroborated by any other evidence.  (Doc. 50,

9    Motion, 5:20-23 & 8:5-12.)  McCumsey may have made that statement to Plaintiff, but Plaintiff's

10   evidence is not sufficiently independently reliable to persuade the Court that Defendant James and

11   then-counsel Rory Allen falsely represented that this case did not exist.  The Court finds unusual

12   the representation that a law librarian would telephone a prison employee located hundreds of

13   miles away to ask whether a case was pending rather than confine the inquiry to the Court's

14   Clerk's Office or the Attorney General's Office.

15        Indeed, Defendants submit a subsequent email exchange between McCumsey and Mr.

16   Allen regarding whether an order had been issued in this case requiring Plaintiff to submit copies

17   of various penal code section, operations manual sections, and policies.  (Doc. 52, Opp., Allen

18   Dec., Ex. A.  No such order was issued in this case and that email suggests that Plaintiff may have

19   made false statements regarding litigation requirements.  The Court makes no finding that he did

20   so, but the exchange illustrates the problematic nature in relying on the uncorroborated statements

21   of others to establish bad faith or reckless conduct.

22        In sum, the aforementioned email would not suffice to establish that Plaintiff made false

23   representations to McCumsey regarding his need for law library access.  Likewise, Plaintiff's

24   attestation regarding what McCumsey told him she was told by Defendant James and "Allen" does

25   not suffice to establish that Defendants and/or their counsel made false representations regarding

26   the pendency of this action.  Accordingly, Plaintiff's motion for sanctions under section 1927

27   and/or the inherent authority of the Court is denied.

28   ///

1  **IV.**     **Order**

2          For the reasons set forth herein, Plaintiff's motion for the appointment of counsel and for

3  sanctions, filed on July 31, 2013, is DENIED, and Plaintiff's requests for judicial notice, filed on

4  August 19, 2013, and September 13, 2013, are GRANTED in part and DENIED in part.

5
   IT IS SO ORDERED.
6

7       Dated:     **November 25, 2013**                      **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28