# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>D. L. DeAZEVEDO, P. PAZ,<br>B. STEPHENS, and D. JAMES,<br><br>Defendants. | Case No. 1:11-cv-00101-AWI-SKO (PC)<br><br>ORDER GRANTING MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES BLAKE, COVINGTON, AND MCCOY<br><br>(Doc. 83) |

## I.   Procedural Background

Plaintiff Timothy Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2011. This action for damages is set for jury trial on April 21, 2015, on Plaintiff's First Amendment retaliation claims against Defendants DeAzevedo, Paz, and Stephens and Plaintiff's Fourteenth Amendment due process claim against Defendant James. On January 12, 2015, Plaintiff filed a timely motion seeking the attendance of incarcerated witnesses Garrod Blake, CDCR #H19751, Salinas Valley State Prison; Marcus Covington, CDCR #V00834, CSP-Corcoran; and Davon McCoy, CDCR #H67575, CSP-Sacramento. (Doc. 77, Second Sched. Order.) Defendants DeAzevedo, Paz, Stephens, and James ("Defendants") jointly filed a timely opposition on March 10, 2015.[1] (*Id.*)

---

[1] Defendants Paz, Stephens, and James and Defendant DeAzevedo have separate counsel.

## II. Discussion[2]

### A. Legal Standard

As set forth in the second scheduling order, an incarcerated witness who agrees to attend trial voluntarily to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court, and the Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

In addition, in determining whether to issue a writ of habeas corpus ad testificandum directing the production of an inmate witness for trial, the district court must consider the following factors: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.[3]  *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

### B. Willingness to Testify Voluntarily

Defendants argue that Plaintiff's conclusory assertion regarding his inmate witnesses' willingness to testify does not suffice to demonstrate that they still consent and are willing to testify, given that they provided declarations in 2010 and that attendance at trial will result in disruption for them due to their transfer for trial.  However, any argument that Plaintiff should be penalized for not having more current or specific information is untenable.  Inmates' ability to correspond with one another is restricted by prison regulations, and Plaintiff attested that he repeatedly sought permission to communicate with his inmate witnesses, without success.  Cal. Code Regs., tit. 15, § 3139(a), (b).  (Doc. 83, Motion, Howard Dec., ¶¶3, 4.)  Moreover, the Court

---

[2] The issues raised by Defendants are limited to whether the witnesses are willing to testify voluntarily, whether the proposed testimony will substantially further resolution of the case, and whether the proposed testimony of inmates Covington and McCoy is cumulative.  Defendants also object to some of the proposed testimony as impermissible hearsay and character evidence.

[3] There is no evidence in the record which weighs against transporting Plaintiff's inmate witnesses due to heightened security risks, undue expense, or anticipated release from custody in the near future, and those factors are not addressed further.

has the discretion to grant Plaintiff's motion even in the absence of express consent if it finds, as it does in this case, that the witnesses have relevant information and their presence will substantially further resolution of the case.  (2nd Sched. Order, n.1, citing *Wiggins*, 717 F.2d at 468 n.1.)

### C.   Whether Proposed Testimony Substantially Furthers Resolution of Case

#### 1.   Summary of Parties' Positions

Inmate Blake allegedly saw Defendants DeAzevedo, Paz, and Stephens searching cells on March 9, 2010, including Plaintiff's cell.  Inmate Covington will allegedly testify that Defendants DeAzevedo, Paz, and Stephens tried to get him to exit his cell on March 9, 2010, so they could take his property, and that Defendants searched Plaintiff's cell.  Inmates Covington and McCoy will also allegedly testify that on March 8, 2010, they, along with Plaintiff and other inmates, complained to Sgt. Plunkett and Lt. Childs about second watch staff.

Defendants argue inmate Blake's testimony will not substantially further resolution of the case because he could not have seen inside Plaintiff's cell, given his location, and that Plaintiff fails to indicate that inmates Covington and McCoy complained about any of the defendants.

#### 2.   Inmate Blake

Whether inmate Blake was able to see Plaintiff's cell being searched is an issue for trial, and regardless of whether he saw that cell search, Defendants contend that they did not conduct any cell searches on March 9, 2010.  Inmate Blake attested that he saw Defendants Paz and Stephens kicking inmates' property down the tier; that he saw Defendant DeAzevedo standing outside the window as Plaintiff's cell was searched; and that Defendants Paz and Stephens tried to get him to exit his cell.  Whether or not Defendants were present and involved in cell searches on March 9, 2010, is relevant to Plaintiff's retaliation claim and as a result, inmate Blake's proposed testimony placing them at the scene has the potential to substantially further resolution of Plaintiff's claim.  Fed. R. Evid. 401, 602, 701.

#### 3.   Inmates Covington and McCoy

Inmate Covington will purportedly testify that Defendants DeAzevedo, Paz, and Stephens tried to get him to exit his cell on March 9, 2010, so they could take his property.  As with inmate Blake, this proposed testimony is relevant to Plaintiff's claim that his cell was searched on March

9, 2010, and given Defendants' denial that they were present and involved in searching cells, the proposed testimony has the potential to substantially further resolution of Plaintiff's claim. Fed. R. Evid. 401, 402, 602, 701.

Finally, Plaintiff represents that inmates Covington and McCoy will testify that they, along with Plaintiff, Nava, Jimenez, and others, complained to Sgt. Plunkett and Lt. Childs about second watch staff on March 8, 2010, which is the protected conduct Plaintiff alleges led Defendants DeAzevedo, Paz, and Stephens to retaliate against him. At trial, Plaintiff must prove that he was engaged in protected conduct and that his engagement in the protected conduct motivated the retaliatory acts complained of. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). As a result, the proposed testimony is relevant and has the potential to substantially further the resolution of Plaintiff's claim.[4] Fed. R. Evid. 401, 402, 602, 701.

### 4. **Hearsay and Character Evidence Objections**

Defendants' hearsay and character evidence objections to inmates Covington and McCoy's proposed testimony, made pursuant to Federal Rules of Evidence 801, 802, and 404(b), are rejected as premature. Whether the testimony is offered for the truth of the matter asserted or whether it is offered, for example, as evidence that a complaint was made is dependent upon context at trial, Fed. R. Civ. P. 801(c), and Defendants' character evidence objection is not persuasive; as far as the Court can discern at this juncture, the proposed testimony directly relates to the cell searches which occurred on March 9, 2010, and is not offered as evidence of character or a character trait used to prove conformity therewith, Fed. R. Evid. 404. While such objections may have merit at trial, they present no grounds for precluding Plaintiff's witnesses, pre-trial.

### D. **Cumulative Testimony by Inmates Covington and McCoy**

Finally, Defendants argue that inmate Covington and McCoy's testimony regarding the complaint they made on March 8, 2010, to Sgt. Plunkett and Lt. Childs is cumulative.

---

[4] Defendants' argument that inmates Covington and McCoy did not specifically identify them as the subject of the inmates' complaint is unpersuasive. Plaintiff alleged that they complained as a group about Defendants, along with other staff, and regardless, Plaintiff must show only that Defendants retaliated against him because he complained. (Doc. 9, Amend. Comp., ¶13.)

4

District courts have broad discretion "to limit the number of witnesses on a particular point to avoid cumulative evidence," *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1071 (9th Cir. 2005), but they must not "sacrifice justice in the name of efficiency," *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). "As a general rule, evidence may not be excluded solely to avoid delay." *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1509 (9th Cir. 1995). Rather, "[u]nder Rule 403, the court should consider the probative value of the proffered evidence and balance it against the harm of delay." *General Signal Corp.*, 66 F.3d at 1509-10.

This case largely hinges on the credibility of the witnesses and given that Plaintiff is necessarily disadvantaged because he is a prisoner and he is proceeding pro se, the exclusion of any of his witnesses based on cumulative testimony should be handled with due care. The appearance to two witnesses is simply not so excessive as to support a limiting order, even if they witnessed the same event and their proposed testimony relates to that same event. *See e.g., Loux v. U.S.*, 389 F.2d 911, 917 (9th Cir. 1968) (no abuse of discretion in criminal case where district court limited the number of inmate witnesses to five, from ten proposed inmate witnesses). Given that Plaintiff has sought and been denied the appointment of counsel on multiple occasions and that the Ninth Circuit has repeatedly reaffirmed the principal that pro litigants are entitled leniency, particularly in civil rights cases, granting Plaintiff latitude with respect to the two witnesses he seeks to use to establish the same fact is more than amply justified. *See e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims filed by inmates."); *Pouncil v. Tilton*, 704 F.3d 568, 574-75 (9th Cir. 2012) (construing pro se complaints liberally protects the rights of pro se litigants to self-representation and meaningful access to the courts, which is particularly important in civil rights cases), *cert. denied*, 134 S.Ct. 76 (2013); *Woods v. Carey*, 684 F.3d 934, 938-40 (9th Cir. 2012) (recognizing hardships faced by prisoners proceeding pro se); *Palmer v. Valdez*, 560 F.3d 965, (9th Cir. 2009) (recognizing, in affirming the district court's denial of counsel, that the "district court was sensitive to [inmate's] predicament" in trying his civil rights case pro se). In addition, the trial will likely only take two or three days and therefore, there are no time constraint concerns at issue.

### III.   Conclusion and Order

Based on the foregoing, Plaintiff's motion for the attendance of inmates Blake, Covington, and McCoy is GRANTED, and writs of habeas corpus ad testificandum will be issued following the telephonic trial confirmation hearing on March 24, 2015.[5]

IT IS SO ORDERED.

Dated:   March 13, 2015

SENIOR DISTRICT JUDGE

---

[5] The Court did not address Plaintiff's argument regarding his own transportation because Plaintiff's transportation for trial is a non-issue. The writ directing the transportation of Plaintiff will also be issued following the telephonic trial confirmation hearing.